IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



| | |
|---|---|
| ING BANK N.V., | § |
| Plaintiff | § |
| v. | § CIVIL ACTION NO. 2:15cv117 |
| M/V MARIA CRISTINA RIZZO, IMO No. 9448592, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem* | § ADMIRALTY |
| Defendant | § |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, ING Bank N.V. ("ING") through undersigned counsel, and files this Verified Complaint against defendant, the M/V MARIA CRISTINA RIZZO, ("CRISTINA RIZZO"), IMO No. 9448592, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*, for damages and maritime arrest, and upon information and belief, avers as follows:

### Jurisdiction and Venue

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.

Venue is proper in this District in accordance with Rule C as the CRISTINA RIZZO is or will be within the physical jurisdiction of this Court during the pendency of this action.

{N0978489 -}

## Parties

3.

At all material times, ING was and is a banking and financial services corporation or business entity organized and existing pursuant to the laws of The Netherlands, with a place of business being located in Amsterdam, The Netherlands. As more fully set forth herein, ING is an assignee of certain accounts, assets and maritime liens of O.W. Bunker Malta Ltd., ("OW Bunker"), including the account receivable and corresponding maritime lien owed by the CRISTINA RIZZO and therefore prosecutes this admiralty claim as the holder of OW Bunker's maritime lien against the CRISTINA RIZZO as more fully set forth herein.

4.

ING is the coordinator, agent, and security agent under that certain US$ 700,000,000.00 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013 (the "Credit Agreement"), and related guaranty, pledge, and security agreements, including that certain English Omnibus Security Agreement, dated December 13, 2013 (the "Security Agreement").

5.

OW Bunker is a borrower and guarantor of the obligations owing under the Credit Agreement and is in default of those obligations.

6.

OW Bunker is also a party to the Security Agreement, pursuant to which it absolutely assigned all of its rights, title and interests as of December 13, 2013, in certain assets, including customer accounts receivable for bunker deliveries, to ING.

7.

OW Bunker has assigned to ING all of its rights, title and interests, including its right to institute this action and enforce its maritime liens against the CRISTINA RIZZO in the amounts owed to OW Bunker for bunker deliveries made to the CRISTINA RIZZO as more fully described *infra*. For clarity, OW Bunker and ING will collectively be referred to as "OW Bunker" throughout the remainder of this pleading, unless otherwise indicated.

8.

At all material times, defendant, the CRISTINA RIZZO was and is, upon information and belief, a bulk carrier, owned, operated and managed by Rizzo Bottiglieri De Carlini Armatori Spa., ("Rizzo De Carlini").

## Unpaid Bunkers Sold and Delivered to the CRISTINA RIZZO

9.

OW Bunker contracted on two occasions in Piraeus, Greece, to provide bunkers and related barging services to the CRISTINA RIZZO. On both occasions, the bunkers were ordered by Rizzo De Carlini, the owner, operator, and manager of the CRISTINA RIZZO. The contracts to purchase bunkers are evidenced by two Sales Order Confirmations: No. 145-19334, dated August 20, 2014, a true and correct copy of which is attached as Exhibit E, and No. 145-19411, dated September 7, 2014, a true and correct copy of which is attached as Exhibit A, hereafter the "Confirmations".

10.

Both Confirmations, as well as the sale and delivery of the marine fuels to the CRISTINA RIZZO, were subject to the OW Bunker Group Terms and Conditions of sale for Marine Bunkers, Edition 2013, a true and correct copy of which is attached as Exhibit B, hereafter

"General Terms". More specifically, the Confirmations provided in relevant part, as follows:

> The sale and delivery of the marine fuels described above are subject to the OW Bunker Group's Terms and Conditions of sale(s) for Marine Bunkers. The acceptance of the marine bunkers by the vessel named above shall be deemed to constitute acceptance of said general terms to you as 'Buyer' and to O.W. Bunker Malta Ltd. as 'Seller'.
>
> The fixed terms and conditions are well known to you and remain in your possession. If this is not the case, the terms can be found under the web address: http://owbunker.com/wp-content/uploads/2013/12/OWB_GTC_ValidFrom01092013.pdf

(Exh. A, Confirmation, p. 2.), (Exh. E, Confirmation, p.2)

11.

Article B.1 of the General Terms defines the term "Buyer" to mean the vessel supplied and, jointly and severally her master, owners, managers/operators, disponent owners, time charters, bareboat charterers, and charterers. (Ex. B, General Terms, p. 2, art B.1.) As discussed *infra*, on or about August 27, 2014 and September 11, 2014, the CRISTINA RIZZO accepted marine bunkers from OW Bunker, pursuant to the Confirmations. Accordingly, the CRISTINA RIZZO and Rizzo De Carlini, her manager, owner, and operator, fall within the definition of Buyer and are, therefore, bound and obligated jointly and severally to the Confirmations and to the General Terms, which General Terms were incorporated in the Confirmations by express reference and adoption. See *World Fuel Servs. Trading, DMCC v. M/V HEBEI SHIJIAZHUANG*, No. 2:13CV173, 2014 WL 1365823 (E.D. Va. Apr. 4, 2014).

12.

Article I.3(iv) of the General Terms provides as follows:

> Where [CRISTINA RIZZO] fails to pay timely, [OW Bunker] has the right to (without prejudice to its rights to receive default/delay compensation) take all appropriate steps to secure and enforce its claim...

(Exh. B, General Terms, p. 7, art. I.3).

13.

Article I.9 of the General Terms provides as follows:

Where Bunkers are supplied to [CRISTINA RIZZO], in addition to any other security, the Agreement is entered into and the Goods are supplied upon the faith and credit of [CRISTINA RIZZO]. It is agreed and acknowledged that the sale of Bunkers to [CRISTINA RIZZO] and/or their acceptance on [CRISTINA RIZZO] create a maritime lien over [CRISTINA RIZZO] for the price of the Bunkers (and all interest and costs payable in respect thereof; including but not limited to the reasonable attorney's fees), such maritime lien afforded to [OW Bunker] over the [CRISTINA RIZZO]. In any event any applicable Law shall not prejudice the right of the maritime lien of [OW Bunker] afforded hereunder or by any other applicable Law, be it of the place of delivery, the flag of the Vessel, or the place of jurisdiction and/or arrest of the Vessel, or otherwise howsoever.

(Exh. B, General Terms, p. 8, art. I.9).

14.

Article P.5 of the General Terms provides as follows:

The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which [OW Bunker] takes legal action. [OW Bunker] shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.

(Exh. B, General Terms, pp. 11 – 12, art. P.5).

15.

In filing this Verified Complaint, OW Bunker exercises its discretion to proceed against the CRISTINA RIZZO under the substantive laws of the General Maritime Law of the United States of America as well as the Commercial Instrument and Maritime Liens Act, 46 U.S.C. §§ 31303 *et seq.* and under the procedural laws of the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty and Maritime Claims, as well as the Local Rules of the United States District Court for the Eastern District of Virginia, Norfolk Division.

16.

On August 20, 2014, OW Bunker issued the Confirmation for the account of the Master and/or Owner and/or Charterers and/or M/V MARIA CRISTINA RIZZO and/or Rizzo-Bottiglieri-De-Carlini Amatori Spa and indicated that it would provide 600.00 metric tons of Fueloil 380-CST to the CRISTINA RIZZO in Singapore, including associated barge service to transport and transfer the foregoing fuel bunkers to the CRISTINA RIZZO, with an estimated delivery date of August 29, 2014. (Exh. E, Confirmation, p. 1.)

17.

On September 7, 2014, OW Bunker issued the Confirmation for the account of the Master and/or Owner and/or Charterers and/or M/V MARIA CRISTINA RIZZO and/or Rizzo-Bottiglieri-De-Carlini Amatori Spa and indicated that it would provide 600.00 metric tons of Fueloil 380-CST to the CRISTINA RIZZO in Taichung, including associated barge service to transport and transfer the foregoing fuel bunkers to the CRISTINA RIZZO, with an estimated delivery date of between September 9, 2014 and September 11, 2014. (Exh. A, Confirmation, p.1.)

18.

On August 27, 2014, pursuant to the Confirmation and the General Terms, the CRISTINA RIZZO accepted the delivery of 590.459 metric tons of 380-CST marine bunkers from OW Bunker. The bunker delivery was made on behalf of OW Bunker as evidenced by the Bunker Delivery Note, a true and correct copy of which is attached as Exhibit F.

19.

On September 11, 2014, pursuant to the Confirmation and the General Terms, the CRISTINA RIZZO accepted delivery of 600.003 metric tons of 380-CST marine bunkers from

OW Bunker. The bunker delivery was made on behalf of OW Bunker as evidenced by the Coastal Performance Bunker Delivery Receipt, a true and correct copy of which is attached as Exhibit C.

20.

OW Bunker has paid the supplier in full for the bunkers delivered to the CRISTINA RIZZO in Singapore on August 27, 2014.

21.

OW Bunker has paid the supplier in full for the bunkers delivered to the CRISTINA RIZZO in Taichung on September 11, 2014.

22.

On August 27, 2014, OW Bunker issued Invoice No. 145-S19303 to the M/V MARIA CRISTINA RIZZO and / or owners and / or Charterers, which was addressed to Rizzo-Bottiglieri-De-Carlini, referencing Confirmation No. 145-19334, in the amount of US $369,036.88 for 590.459 metric tons of 380-CST marine bunkers delivered to the CRISTINA RIZZO in Singapore, to be paid on or before October 26, 2014, a true and correct copy of which is attached hereto as Exhibit G.

23.

On September 11, 2014, OW Bunker issued Invoice No. 145-S19418 to the M/V MARIA CRISTINA RIZZO and / or owners and / or Charterers, which was addressed to Rizzo-Bottiglieri-De-Carlini, referencing Confirmation No. 145-19480, in the amount of US $409,202.05 for 600.003 metric tons of 380-CST marine bunkers delivered to the CRISTINA RIZZO in Taichung, to be paid on or before November 10, 2014, a true and correct copy of which is attached hereto as Exhibit D. Exhibits D (No. 145-S19418) and G (No. 145-S19303) are

hereafter collectively the Invoices.

24.

As of this date, neither ING nor OW Bunker have been paid for the bunkers delivered to the CRISTINA RIZZO in breach of the Confirmations and General Terms, and plaintiff is accordingly owed **US$939,867.31** for the bunkers, fees and charges as aforesaid.

25.

Pursuant to General Terms, Article I.5, OW Bunker is entitled to recover contractual interest of three (3%) percent per month on the foregoing unpaid invoiced amount until paid, and a delayed payment administrative fee of US$ 1.50 per metric ton of bunkers supplied. (Exh. B, General Terms, p. 7, art. I.5.)

26.

Pursuant to General Terms, Article I.7, all costs borne by OW Bunker in connection with the collection of overdue payments, whether made in or out of court and in general all costs in connection with breach of the contract shall be for the breaching party's sole account. (*Id.*, art. I.7.). Accordingly, OW Bunker is additionally entitled to recover for all attorney's fees and costs incurred by OW Bunker resulting from its efforts to collect payment on the Invoices, including attorney's fees and costs associated with this civil action, and pursuant to the General Terms, the CRISTINA RIZZO and Rizzo-Bottiglieri-De-Carlini remain jointly and severally liable for all amounts due and owing to OW Bunker.

27.

As of the date of this filing, ING is owed the following amounts for unpaid bunkers delivered to the CRISTINA RIZZO:

A.  Invoice 145-S19303:                              US$369,036.88

| | |
|---|---|
| B. Invoice 145-S19418: | US$409,202.05 |
| C. Accrued Interest: | US$105,928.37 |
| D. Administrative Fees: | US$700.00 |
| E. Accrued and Anticipated Attorney's Fees: | US$55,000.00 |
| **TOTAL** | **US$ 939,867.31** |

### Request for Arrest of the CRISTINA RIZZO
### Pursuant to Supplemental Admiralty Rule C

28.

Upon information and belief, the CRISTINA RIZZO is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by OW Bunker to the CRISTINA RIZZO.

29.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, ING is entitled to arrest the CRISTINA RIZZO to satisfy ING's claims, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

30.

ING agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the aforesaid CRISTINA RIZZO.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

WHEREFORE, plaintiff, ING Bank N.V., prays:

1.  That this Verified Complaint be deemed good and sufficient;

2.  That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V CRISTINA RIZZO, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3.  That after due proceedings are had, there be judgment entered in favor of plaintiff, ING Bank N.V., and against defendant, the CRISTINA RIZZO, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring defendant to pay damages to plaintiff in the amount of **US$ 939,867.31** for bunkers delivered to the CRISTINA RIZZO and all other damages as may be proven at trial, with prejudgment interest, attorney's fees, and all costs of these proceedings; and,;

4.  That this Court grant ING Bank such other and further relief as may be just and proper.

Respectfully submitted:

JOHN D. PADGETT
McGuireWoods LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510
Telephone: 757-640-3779
E-Mail: jpadgett@mcguirewoods.com

*and*

JAMES D. BERCAW
LAURA E. AVERY
(Motions for admission *pro hac vice* to be filed)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
E-Mail:   jbercaw@kingkrebs.com
          lavery@kingkrebs.com

*Attorneys for ING Bank N.V.*

**PLEASE SERVE:**

The Master of the M/V MARIA CRISTINA RIZZO, IMO 9448592
And Issue a Warrant for the Arrest of the M/V MARIA CRISTINA RIZZO

65505830_1